# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LAURA WALTERS, <br><br> Plaintiff, <br><br> v. <br><br> REVENUE GROUP, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:20-cv-02277 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes LAURA WALTERS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of REVENUE GROUP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Cuyahoga County, Ohio, which is within the Northern District of Ohio.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a "leading accounts receivable management company"[1] located at 3711 Chester Avenue, Suite 200, Cleveland, Ohio, 44114. Defendant regularly collects upon consumers across the country, including those located within the state of Ohio.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendant's attempts to collect upon medical bills that Plaintiff purportedly defaulted upon ("subject debt").

10. Around the spring of 2020, Plaintiff began receiving calls to her home phone, (440) XXX-1661, from Defendant.

11. Defendant has used a variety of phone numbers when placing calls to Plaintiff's phone, including but not limited to: (216) 416-0302, (216) 416-8032, and (216) 416-5352.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

13. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

---

[1] https://revenuegroup.com/about-us/

14. Plaintiff has informed Defendant of her inability to pay, as she is experiencing financial distress as a result of her physical disabilities.

15. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls.

16. Defendant's constant collection calls caused Plaintiff to demand that Defendant cease calling her cellular phone.

17. In spite of the information provided to Defendant, Defendant has still placed not less than 25 calls to Plaintiff's cellular phone.

18. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

19. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1996.[2]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c and §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified of her distressful situation and to stop calling. Defendant called Plaintiff at least 25 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

---

[2] http://www.acainternational.org/search#memberdirectory

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    b. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Defendant had knowledge of Plaintiff's physical and financial situation, Defendant continued to place systematic and automated collection calls Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified of her inability to pay, and at least 25 times after being notified to stop calling. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

35. As pled in paragraphs 18 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LAURA WALTERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 8th day of October, 2020.                Respectfully Submitted,

 /s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Laura Walters*